TOBIAS, J.,
CONCURS.
U write separately to address with particularity two points.
*1170 First, Jeremy Stevens, the individual who represented the City of New Orleans’s Code Enforcement and Hearings Bureau before the administrative hearing officer, never identified himself as a lawyer. He merely stated: “My name is Jeremy Stevens. I represent Code Enforcement.” Neither La. R.S. 49:964 nor La. R.S. 13:2575 requires that the complaining public body be represented by a lawyer at an administrative hearing. Moreover and technically, La. R.S. 37:212 does not clearly define that which Mr. Stevens did as the practice of law.[1] That the 12court reporter who prepared the transcript of the 7 June 2012 hearing wrote on the eoversheet of the transcript that Mr. Stevens was an “Attorney for the City of New Orleans Code Enforcement” does not prove that he was holding himself out to be a lawyer.[2]
Second, La. R.S. 13:2575 E states:
Any administrative adjudication hearing held under the provisions of this Chapter shall be conducted in accordance with the rules of evidence of the Administrative Procedure Act. Testimony by any person shall be taken under oath. The person charged with the ordinance violation may present any relevant evidence and testimony at such hearing and may be represented by an attorney at law. However, his physical presence shall not be required at the hearing if documentary evidence, duly verified by such person, is submitted to the hearing officer prior to the date of the hearing. [Emphasis supplied.]
I find it was legal error for the hearing officer to receive any testimony from any unsworn witness. But from my review of the transcript and the exhibits offered at the administrative hearing (without objection from DMK) combined with the actual sworn testimony, the evidence was sufficient to support the hearing officer’s conclusions. The trial court did not err in affirming the hearing officer’s decision.
Accordingly, I respectfully concur.

. La. R.S. 37:212 A states:
The practice of law means and includes:
(1) In a representative capacity, the appearance as an advocate, or the drawing of papers, pleadings or documents, or the performance of any act in connection with pending or prospective proceedings before any court of record in this state; or
(2) For a consideration, reward, or pecuniary benefit, present or anticipated, direct or indirect;
(a) The advising or counseling of another as to secular law;
(b) In behalf of another, the drawing or procuring, or the assisting in the drawing or procuring of a paper, document, or instrument affecting or relating to secular rights;
(c) The doing of any act, in behalf of another, tending to obtain or secure for the other the prevention or the redress of a wrong or the enforcement or establishment of a right; or
(d)Certifying or giving opinions, or rendering a title opinion as a basis of any title insurance report or title insurance policy as provided in > R.S. 22:512(17), as it relates to title to immovable property or any interest therein or as to the rank or priority or validity of a lien, privilege or mortgage as well as the preparation of acts of sale, mortgages, credit sales or any acts or other documents passing titles to or encumbering immovable property. [Emphasis supplied.]

. This does not mean that I approve of a non-lawyer appearing before an administrative body as the "prosecutor.”